**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ERIC Y. KIZIRIAN, SB# 210584
 E-Mail: Eric.Kizirian@lewisbrisbois.com
ELEONORA ANTONYAN, SB# 338379
 E-Mail: Eleonora.Antonyan@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant
HENKEL CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SILVIA GARCIA, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>HENKEL CORPORATION, a Delaware corporation, d/b/a WWW.DEVACURL.COM,<br><br>       Defendant. | CASE NO. 2:25-CV-3302<br><br>**DEFENDANT HENKEL CORPORATION'S NOTICE OF REMOVAL OF CLASS ACTION COMPLAINT PURSUANT TO 28 U.S.C. SECTIONS 1332(D) AND 1453**<br><br>TRIAL DATE:    NONE SET |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

154694595.3

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**PLEASE TAKE NOTICE THAT** Defendant Henkel Corporation ("Henkel" or "Defendant"), hereby removes this case from the Superior Court of the State of California for the County of Los Angeles (Case No. 25STCV06808, "State Court Action") to the United States District Court for the Central District of California. This removal is made under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453.

Henkel denies the allegations and request for relief sought in the Complaint and files this Notice without waiving any rights, remedies, or defenses. Henkel does not concede, and specifically reserves, all rights to contest the suitability of this lawsuit for certification as a class action.

The U.S. Supreme Court affirmed that a defendant need only plausibly allege the requirements for federal jurisdiction to remove. That is, a defendant needs to file in the federal forum a notice of removal only "containing a short and plain statement of the grounds for removal;" no evidentiary submissions need to be submitted. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014) (citing 28 U.S.C. §1446(a)).

As fully set forth below, removal is proper in this case because all requirements for removal are met under 28 U.S.C. §§ 1332(d) and 1453 pursuant to CAFA.

## I.    SUMMARY OF PLAINTIFF'S ALLEGATIONS

1.    Plaintiff is a California citizen. Compl. ¶ 4. She claims to have purchased "Mist of Wonders Leave-in Kit" at a discounted price of $75.00 from Henkel's DevaCurl website. *Id.* at ¶ 8. Plaintiff claims that at the time of Plaintiff's purchase, the $75.00 discounted price was compared to a "strike-through" reference price of $93.00 (in actuality, the product price (when bought as a kit) is compared to a "$93.00 value" if the products were bought separately rather than a "strike through" price). *Id.* Plaintiff claims that the reference price (along with other like prices on the DevaCurl website) is an "artificially inflated price" designed to mislead consumers into believing that they are buying products "on sale and at a substantial and deep

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

discount." *Id.* at ¶ 11. Plaintiff seeks to represent a putative class consisting of "[a]ll persons who purchased one or more of Defendant's products from Defendant's Website while in California within the statute of limitations period at a purported discount from a higher reference price." *Id.* at ¶ 24. Plaintiff brings claims for violations of California's False Advertising Law, Cal. Bus. & Prof. Code § 17501, and Consumers Legal Remedies Act, Cal. Civil Code § 1750 *et seq. Id.* at 8-9. Plaintiff does not limit her claims to the Mist of Wonders Leave-in Kit she claims to have bought.  Instead, Plaintiff casts a wider net to allege Defendant "advertises fictitious regular prices (and corresponding phantom discounts) on products sold through its website at www.devacurl.com." Compl. ¶ 1.

## II.    VENUE

2.    Venue lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 84(c)(2), 1441(a), and 1446(a), because this action originally was brought in the Superior Court of the State of California, County of Los Angeles. Thus, venue is proper because this is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 1446(a).

## III.   PROCEDURAL REQUIREMENTS

3.    Section 1446(a) requires a removing party to provide this Court with a copy of all "process, pleadings, and orders" served on it in the state court action. A true and correct copy of the Complaint and all papers served with the Complaint is attached hereto as **Exhibit 1**. As required by 28 U.S.C. § 1446(d), Henkel will file an appropriate notice in the state court action and will serve on all counsel of record a true and correct copy of this Notice for Removal.

4.    No previous application has been made for the relief requested herein.

## IV.   JURISDICTION

5.    CAFA (28 U.S.C. §§ 1332(d) and 1453) grants this Court jurisdiction over this action because: (i) this case meets CAFA's definition of a "class action"; (ii)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

154694595.3                                3

DEF. HENKEL CORPORATION'S NOTICE OF REMOVAL OF CLASS
ACTION COMPLAINT PURSUANT TO 28 U.S.C. SECTIONS 1332(D) AND 1453

the putative class consists of more than 100 members; (iii) there is minimal diversity of citizenship; (iv) the amount in controversy, after aggregating the sum or value of each proposed class member's potential claim, exceeds $5 million (exclusive of interest and costs); and (v) Henkel is not a state, state official, or other governmental entity. *See* 28 U.S.C. § 1332(d). Unlike other diversity jurisdiction cases, "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

## A.     The Putative Class Size Consists of More than Hundred Members

6.     Plaintiff alleges the numerosity requirement is met as "there are at least 50 members of the Class." Compl. ¶ 26. Plaintiff defines the putative class as "[a]ll persons who purchased one or more of Defendant's products from Defendant's Website while in California." *Id.* at ¶ 24. Plaintiff alleges "Defendant generates a minimum of eight percent of its national Website sales to Californians." *Id.* at ¶ 2.

7.     Over the past four years (which is the maximum statute of limitations period for the claims asserted), Henkel has sold DevaCurl products through its website to more than 100 different individuals in California (Declaration of Stacey Hull ("Hull Decl.") ¶ 6) and thus, there are at least 100 members in the putative class.

## B.     There is Minimal Diversity of Citizenship Between the Parties

8.     Diversity under CAFA exists if the citizenship of "any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

9.     For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff is a "citizen of California." Compl. ¶ 4.

10.     Corporations like Henkel are citizens of the state where they are incorporated and the state in which they have their principal place of business. 28 U.S.C. § 1332(c)(1).  Defendant Henkel Corporation was, at the time the action was commenced in state court, and still is a Delaware corporation with its principal place

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

154694595.3

4

DEF. HENKEL CORPORATION'S NOTICE OF REMOVAL OF CLASS
ACTION COMPLAINT PURSUANT TO 28 U.S.C. SECTIONS 1332(D) AND 1453

1  of business in Rocky Hill, Connecticut. Hull Decl. ¶ 4.

2      11.    Because Plaintiff alleges she is a citizen of California and Henkel is a

3  citizen of Delaware and Connecticut, the diversity of citizenship requirement is met.

4      **C.    <u>The Amount in Controversy Requirement Is Satisfied</u>**

5      12.    Federal courts have original jurisdiction under CAFA for "any civil

6  action in which the matter in controversy exceeds the sum or value of $5,000,000,

7  exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). In determining whether that

8  threshold is met, the claims of the individual class members are aggregated. *See* 28

9  U.S.C. § 1332(d)(6). "The amount in controversy is not proof of the amount the

10 plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue

11 in the course of the litigation." *Lewis v. Verizon Commc'ns, Inc*., 627 F.3d 395, 400

12 (9th Cir. 2010) (quotation marks omitted).

13     13.    To satisfy this requirement, "a defendant's notice of removal need

14 include only a plausible allegation that the amount in controversy exceeds the

15 jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart*

16 *Cherokee Basin*, 574 U.S. at 90; *see also Ibarra v. Manheim Invs., Inc*., 775 F.3d

17 1193, 1197 (9th Cir. 2015) (same). Rather, "[a] defendant's notice of removal need

18 include only a plausible allegation that the jurisdictional facts exist. *Id.* at 89.

19 Evidence is required "*only* when plaintiff contests, or the court questions, the

20 defendant's allegation." *Dart Cherokee Basin,* 574 U.S. at 83 (emphasis added); *Arias*

21 *v. Residence Inn by Marriott,* 936 F.3d 920, 924 (9th Cir. 2019) (courts may not

22 remand where notice of removal plausibly alleges the basis for removal, without

23 giving the defendant an opportunity to prove the jurisdictional requirements are

24 satisfied).

25     14.    The amount in controversy is "simply an estimate of the total amount in

26 dispute … [and] [i]n that sense, the amount in controversy reflects the *maximum*

27 recovery [a] plaintiff could reasonably recover" on a complaint at the time of removal.

28 *Arias,* 936 F.3d at 927. Moreover, "[a]n assertion that the amount in controversy

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

154694595.3

DEF. HENKEL CORPORATION'S NOTICE OF REMOVAL OF CLASS
ACTION COMPLAINT PURSUANT TO 28 U.S.C. SECTIONS 1332(D) AND 1453

exceeds the jurisdictional threshold is not defeated merely because it is equally possible that the damages might be less than the requisite amount." *Id.* (quotation marks omitted).

15.    The Supreme Court in *Dart Cherokee* held that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court," adding that "CAFA should be read 'with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Id.* at 89. Following *Dart Cherokee,* the Ninth Circuit has directed the district courts to "interpret CAFA's provisions under section 1332 broadly in favor of removal . . ." *Jordan v. Nationstar Mortg. LLC,* 781 F.3d 1178, 1184 (9th Cir. 2015) (emphasis added); *see also Ibarra v. Manheim Invs., Inc.,* 775 F.3d 1193, 1197 (9th Cir. 2015) ("Congress intended CAFA to be interpreted expansively.") In *Bridewell-Sledge v. Blue Cross,* 798 F.3d 923, 929 (9th Cir. 2015), the Ninth Circuit held that under *Dart Cherokee,* the district court erred "in its remand orders by applying a 'strong presumption against removal jurisdiction.'" *See also Moppin v. Los Robles Reg'l Med. Ctr.,* 2015 U.S. Dist. LEXIS 129574, at *4 (C.D. Cal. 2015) ("[N]o presumption against removal exists in cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.").

16.    In assessing the amount-in-controversy requirement, the Court also considers all recoverable damages, including statutory penalties, attorneys' fees, and punitive damages, and any claim for injunctive relief. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018); *see also In re Ford Motor co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001) (the potential cost to the defendant of complying with the injunction creates the amount in controversy jurisdictional purposes"). Here, the amount of sales at issue during the statutory period, coupled with the potential statutory penalties, attorneys' fees, punitive

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

154694595.3                                6
DEF. HENKEL CORPORATION'S NOTICE OF REMOVAL OF CLASS
ACTION COMPLAINT PURSUANT TO 28 U.S.C. SECTIONS 1332(D) AND 1453

damages, and the costs of injunctive relief easily exceed the CAFA jurisdictional minimums.

17.    Plaintiff does not quantify the monetary relief sought, and Henkel denies that Plaintiff and putative class members are entitled to any damages or other monetary relief. But taking Plaintiff's allegations as true for purposes of removal *only*, her claims satisfy CAFA's threshold.

18.    Again, Plaintiff seeks to certify a putative "Class" consisting of "[a]ll persons who purchased *one or more* of Defendant's products from Defendant's Website while in California." Compl. ¶ 24. For relief Plaintiff seeks:

> b. For all available legal, equitable, and declaratory relief;
>
> c. For statutory damages;
>
> d. For attorneys' fees and costs allowed by law; and
>
> e. For any and all other relief at law or equity that may be appropriate.

Compl., Prayer for Relief, b-e. Plaintiff's request for monetary relief and attorneys' fees easily places more than $5,000,000 in controversy based on the total sales in California from the DevaCurl website over the statute of limitations period.

19.    *Damages/Restitution*. Plaintiff "seeks damages and, in the alternative, restitution." Compl. ¶ 20. During the relevant statutory period, Henkel estimates that it has made approximately $2 million in sales from the DevaCurl website to consumers in California. Hull Decl. ¶ 6. Thus, the restitutionary component for Plaintiff's claims alone places $2 million in controversy.

20.    *Punitive Damages*. While Plaintiff does not specifically seek punitive damages, a defendant seeking to remove a case under CAFA can include punitive damages to satisfy the amount in controversy requirement. *Hawkins v. Kroger Co.*, 337 F.R.D. 518, 531 (S.D. Cal. 2020). "[A] defendant satisfies the amount-in-controversy requirement under CAFA if it is reasonably possible that it may be liable for the proffered punitive damages amount." *Greene v. Harley-Davidson, Inc.,* 965 F.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

3d 767, 772 (9th Cir. 2020). "One way to meet this burden is to cite a case based on the same or a similar statute in which the jury or court awarded punitive damages based on the punitive-compensatory damages ratio relied upon by the defendant in its removal notice." *Id.* Courts in the Ninth Circuit have applied a 2:1 or greater punitive-compensatory damages ratio for claims brought under the CLRA. *See, e.g., Aseltine v. Panera, LLC*, No. 21-CV- 04284-JST, 2021 WL 8267421, at *5 (N.D. Cal. Dec. 13, 2021) (2:1 punitive-compensatory damages ratio appropriate for purposes of determining amount in controversy upon removal under CAFA in case involving CLRA claim). Plaintiff here asserts a claim under the CLRA and FAL. Thus, at minimum a 2:1 punitive-compensatory damages ratio applies here for purposes of determining the amount in controversy. With approximately $2 million in sales, even a 2:1 minimum ratio of punitive damages would add an additional $4 million in exposure, for a total amount in controversy of $6 million.

21. *Attorneys' Fees*. Plaintiff claims she is entitled to attorneys' fees. Compl., Prayer for Relief (d). Courts in the Ninth Circuit regularly hold that attorneys' fees estimates calculated as 25% of the total relief sought are appropriate. *Fritsch*, 899 F. 3d at 793. With $6 million in controversy, a 25% attorney fee award would add an additional $1.5 million to the total (i.e. $7.5 million total).

22. Thus, the amount in controversy exceeds $5,000,000.

**D.  Removal Is Timely**

Under 28 U.S.C. section 1446(b), the 30-day period for filing a petition for removal begins to run only after formal service is made. In *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999), the Supreme Court explained that under 28 U.S.C. § 1446(b), "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Id.* at 347. *See also Quality Loan Serv. Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691,* 635 F.3d 1128, 1132-33 (9th Cir. 2011). Plaintiff's service of the Summons and Complaint on Henkel was completed

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

154694595.3                                           8
————————————————————————————————
DEF. HENKEL CORPORATION'S NOTICE OF REMOVAL OF CLASS
ACTION COMPLAINT PURSUANT TO 28 U.S.C. SECTIONS 1332(D) AND 1453

on March 18, 2025. Therefore, the Notice of Removal is timely filed within thirty (30) days of service of process. 28 U.S.C. § 1446(b).

Wherefore, Henkel removes this action from the Superior Court of the County of Los Angeles to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1463.

DATED:  April 15, 2025          LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
    ERIC Y. KIZIRIAN
    Attorneys for Defendant
    Henkel Corporation

154694595.3

9

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# FEDERAL COURT PROOF OF SERVICE
Garcia, Silvia v. Henkel Corporation
Case No.

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On April 15, 2025, I served the following document(s): DEFENDANT HENKEL CORPORATION'S NOTICE OF REMOVAL OF CLASS ACTION COMPLAINT, PURSUANT TO 28 U.S.C. SECTIONS 1332(D) AND 1453

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

PACIFIC TRIAL ATTORNEYS                Attorneys for Plaintiff
Scott J. Ferrell, SB# 202091           Silvia Garcia
Victoria C. Knowles, SB#  277231
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464

The documents were served by the following means:

☒      (BY E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on April 15, 2025, at Los Angeles, California.

_____
Cynthia Snyder

DEF. HENKEL CORPORATION'S NOTICE OF REMOVAL OF CLASS
ACTION COMPLAINT PURSUANT TO 28 U.S.C. SECTIONS 1332(D) AND 1453

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW