UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-3302 PA (MAAx) | Date | April 21, 2025 |
|---|---|---|---|
| Title | Silvia Garcia v. Henkel Corporation | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Hensel Corporation ("Defendant"). The Notice of Removal alleges that the Court possesses jurisdiction over the action filed by plaintiff Silvia Garcia ("Plaintiff") pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA").

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by Congress and the Constitution. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. Id. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Federal subject matter jurisdiction may be based on diversity of citizenship pursuant to CAFA. See 28 U.S.C. § 1332(d)(2). To invoke diversity jurisdiction pursuant to CAFA, it must be established that at least one plaintiff and one defendant are citizens of different states, and that the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs. Id. "[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006) (per curiam). "The notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 788 (9th Cir. 2018) (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 82, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014)). However, "[i]f the amount in controversy is not clear from the face of the complaint, 'the defendant seeking removal bears the burden to show by a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-3302 PA (MAAx) | Date | April 21, 2025 |
|---|---|---|---|
| Title | Silvia Garcia v. Henkel Corporation | | |

preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." Id. at 788-89 (quoting Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015)). "Along with the complaint, [courts] consider allegations in the removal petition, as well as 'summary-judgment-type-evidence related to the amount in controversy at the time of removal.'" Id. at 793 (quoting Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005)). "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." Ibarra, 775 F.3d at 1197.

In the Notice of Removal, Defendant alleges that the amount in controversy exceeds $5,000,000. Specifically, Defendant estimates that the amount in controversy is $7.5 million. (Notice of Removal ¶ 21.) In arriving at this estimate, Defendant, relying on the amount of sales of the product at issue within California during the class period, alleges that the "restitutionary component for Plaintiff's claims alone places $2 million in controversy." (Id. ¶ 19.) Defendant then alleges that "[w]hile Plaintiff does not specifically seek punitive damages, a defendant seeking to remove a case under CAFA can include punitive damages to satisfy the amount in controversy requirement." (Id. ¶ 20 (citing Hawkins v. Kroger Co., 337 F.R.D. 518, 531 (S.D. Cal. 2020).) Defendant then applies a 2:1 ratio of punitive damages to the $2 million in restitutionary damages to estimate the possibility of $4 million in punitive damages, for a total of $6 million in damages, and applies a 25% recovery for attorneys' fees on that amount to arrive at its estimate of $7.5 million as the amount in controversy. (Id. ¶¶ 20 & 21.)

Contrary to Defendant's allegations in its Notice of Removal, its reliance on Hawkins v. Kroger appears misplaced, because in that case, "Plaintiff's prayer for relief . . . seeks 'an award of punitive damages in an amount to be proven at trial.'" 337 F.R.D. at 531. Here, Plaintiff's Complaint does not contain a similar prayer or ever seek an award of punitive damages. Without any effort on Plaintiff's part to seek punitive damages, Defendant does not appear to have met its burden to establish that it is "reasonably possible that it may be liable for the proffered punitive damages amount" even if other cases, with claims under the same statute included punitive damages awards at similar ratios, because unlike in this case, where Plaintiff has not sought an award of punitive damages, the plaintiffs in the other cases included prayers for punitive damages. Greene v. Harley-Davidson, Inc., 965 F.3d 767, 772 (9th Cir. 2020); see also id. at 770 (noting that the plaintiff's complaint specifically sought an award of punitive damages).

Without any allegations in the Complaint or any other evidence, such as discovery responses, that Plaintiff seeks an award of punitive damage, Defendant's inclusion of punitive damages to meet the amount in controversy requirement appears to be deficient because it contains unsupported assumptions and speculation. See, e.g., Garibay v. Archstone Communities, LLC, 539 Fed. Appx. 763, 764 (9th Cir. 2013) (affirming district court's order remanding case based on failure to show $5 million amount in controversy, finding the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-3302 PA (MAAx) | Date | April 21, 2025 |
|---|---|---|---|
| Title | Silvia Garcia v. Henkel Corporation | | |

defendant improperly "assume[d] that each employee would be entitled to the maximum statutory penalty, but provide[d] no evidence supporting that assertion.").

    For this reason, the Court hereby orders Defendant to show cause in writing why this case should not be remanded for lack of subject matter jurisdiction because Defendant has failed to show, by a preponderance of the evidence, that the amount in controversy requirement for CAFA jurisdiction has been met. Defendant's response to this Order to Show Cause shall be filed no later than May 5, 2025.

    IT IS SO ORDERED.