JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-3302 PA (MAAx) | Date | June 4, 2025 |
|---|---|---|---|
| Title | Silvia Garcia v. Henkel Corporation | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

    Before the Court is a Motion to Remand filed by plaintiff Silvia Garcia ("Plaintiff") (Docket No. 17). Plaintiff contends that the Notice of Removal filed by defendant Henkel Corporation ("Defendant") fails to satisfactorily establish that the amount in controversy exceeds the $5 million jurisdictional minimum for the Court's subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for June 16, 2025, is vacated, and the matter taken off calendar.

    Plaintiff filed her Complaint in Los Angeles County Superior Court on February 1, 2022. Plaintiff served Defendant with the Complaint on March 10, 2025, and Defendant filed its Notice of Removal on April 10, 2025. The Court ordered Defendant to show cause in writing why the action should not be remanded because Defendant's Notice of Removal failed to show, by a preponderance of the evidence, that CAFA's amount in controversy requirement was met. Defendant responded to the Order to Show Cause. After reviewing Defendant's Response, the Court discharged the Order to Show Cause without prejudice to any arguments Plaintiff might assert in a properly-noticed Motion to Remand. Plaintiff then filed the Motion to Remand.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by Congress and the Constitution. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. Id. § 1447(c). The antiremoval presumption that applies to some Notices of Removals does not apply to CAFA removals. See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014) ("It suffices to point out that no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.").

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-3302 PA (MAAx) | Date | June 4, 2025 |
|---|---|---|---|
| Title | Silvia Garcia v. Henkel Corporation | | |

      Federal subject matter jurisdiction may be based on diversity of citizenship pursuant to CAFA. See 28 U.S.C. § 1332(d)(2). The party seeking federal subject matter jurisdiction under CAFA must show that at least one plaintiff and one defendant are citizens of different states, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs. Id. "[T]he burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006) (per curiam). "The notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 788 (9th Cir. 2018) (quoting Dart Cherokee, 574 U.S. at 82)). However, "[i]f the amount in controversy is not clear from the face of the complaint, 'the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." Id. at 788-89 (quoting Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015)). "'[W]hen a defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.'" Arias v. Residence Inn by Marriott, 936 F.3d 920, 925 (9th Cir. 2019) (quoting Dart Cherokee, 574 U.S. at 88, 135 S. Ct. at 554). "Along with the complaint, [courts] consider allegations in the removal petition, as well as 'summary-judgment-type-evidence related to the amount in controversy at the time of removal.'" Fritsch, 899 F.3d at 793 (quoting Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005)). "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." Ibarra, 775 F.3d at 1197. "[A] damages assessment may require a chain of reasoning that includes assumptions," but "those assumptions cannot be pulled from thin air" and "need some reasonable ground underlying them." Id. at 1199.

      Plaintiff's Complaint alleges false advertising claims against Defendant for what Plaintiff alleges are "fictitious regular prices (and corresponding phantom discounts) on products sold through" Defendant's website. Plaintiff alleges that the products were "not sold at the higher reference price in the 90 days prior to Plaintiff's purchase of the Product . . . ." Plaintiff asserts claims pursuant to California's False Advertising Law ("FAL"), California Business and Professions Code section 17501, and the Consumers Legal Remedy Act ("CLRA"), California Civil Code section 1750, on behalf of "[a]ll persons who purchased one or more of Defendant's products from Defendant's Website while in California within the statute of limitations period at a purported discount from a higher reference price." Plaintiff's Complaint seeks "all available legal, equitable, and declaratory relief," statutory damages, and attorneys' fees. With respect to injunctive relief, the Complaint alleges that "plaintiff would purchase either the Product or other products from Defendant again in the future if Plaintiff could feel sure that Defendant's regular

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 25-3302 PA (MAAx) | Date | June 4, 2025 |
|---|---|---|---|
| Title | Silvia Garcia v. Henkel Corporation | | |

prices accurately reflected Defendant's former prices and the market value of the products, and that its discounts were truthful."

In her Motion to Remand, Plaintiff asserts that Defendant has failed to establish by a preponderance of the evidence that the amount in controversy exceeds $5 million as required by CAFA because the value of the compensatory and punitive damages, attorneys' fees, and cost of complying with possible injunctive relief Defendant relies upon in its Notice of Removal and supporting declarations to satisfy CAFA's amount in controversy requirement is inadequately supported and inflated.

In support of its Notice of Removal, Defendant submitted a Declaration prepared by Stacey Hull, Defendant's Vice President of Sales, in which she stated: "Based on information and belief and a review of Henkel's business records for sales made nationwide over the past four years through the DevaCurl website, I estimate based on historical sales statistics that over the past four years, Henkel has sold approximately $2,000,000 in DevaCurl products through its website to consumers in California." (Hull Decl. ¶ 6.) In both the Notice of Removal, and in Opposition to the Motion to Remand, Defendant has relief on Ms. Hull's declaration to support its allegation that the compensatory damages, or the value of restitutionary relief that the putative class could be awarded, is $2,000,000. Defendant's Opposition to the Motion to Remand asserts:

> The Complaint implicates potential punitive damages, which even under a highly conservative 1:1 damages to punitive damages ratio, adds a minimum of another $2,000,000 in controversy under Plaintiff's claim for violations of California Consumers Remedies Act ("CLRA"). In reality, as evidenced by the cases cited herein, punitive damages totals that far exceed a 1:1 ratio are far more common, which would put the amount in controversy based on punitive damages at a much higher number. Thus, with an equally conservative 2:1 punitive damages award, the exposure on punitive damages would be $4,000,000. The punitive damages exposure alone here is in the range of $2,000,000 to $4,000,000 based on the allegations at the time of removal in the Complaint.

(Opp'n at 2:9-19.) According to Defendant's Opposition, " the Complaint seeks attorney's fees, which under a conservative 25% of the total recovery cross-check, implicates a minimum of $1,000,000 in attorneys' fees at the low end of the damages spectrum if only the $2,000,000

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-3302 PA (MAAx) | Date | June 4, 2025 |
|---|---|---|---|
| Title | Silvia Garcia v. Henkel Corporation | | |

damages exposure and $2,000,000 punitive damage exposure were only considered." (Id. at 2:23-27.)

In its Response to the Court's Order to Show Cause, and again in its Opposition to the Motion to Remand, Defendant values the cost of the injunctive relief potentially sought by Plaintiff at $1,500,000. In support of this amount, Defendant relies on a supplemental declaration submitted by Ms. Hull, in which she states:

> The products Plaintiff claims in the Complaint are "strike through" discounts are actually everyday prices on the product listed that are sold bundled together in a "kit." The two products in the kit are also available for purchase individually. The regular, every-day price bundled price for the kit on the website is compared to the regular, every-day price of the same two products in the kit if they were bought individually. An injunction that prohibits "kit" or bundled pricing would mean that products sold in the "kits" or as a bundle at a discount (compared to the price for the same products bought individually) would have to be priced at the same price as two products bought individually. If Henkel is unable to offer kit or bundled pricing to consumers that buy more than one product, this prohibition would have to apply to all products sold on the "Deva Curl" website nationwide. Based on a review and analysis of historic nationwide sales trends over the past four years, I would estimate that over the next four years alone, the elimination of "kit" or bundled pricing on the Deva Curl website would result in a minimum of $1,500,000 reduction in future nationwide sales from the Deva Curl website.

(Further Hull Decl. ¶ 3.)

Plaintiff contends that Defendant's evidence of $2,000,000 in compensatory damages is inflated, speculative, and fails to support an amount in controversy in excess of CAFA's jurisdictional minimum because Ms. Hull's evidence is based on the prior four years of sales, but the proposed class is limited to the applicable statute of limitations period, which is three years. Brown v. Madison Reed, Inc., 622 F. Supp. 3d 786, 799 (N.D. Cal. 2022) ("CLRA and FAL claims are subject to a three-year statute of limitations . . . ."). Defendant asserts, disingenuously, that because statutes of limitations are defenses, they cannot be used to limit the amount in controversy. See Hernandez v. Towne Park, Ltd., CV 12-2972 MMM (JCGx), 2012

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-3302 PA (MAAx) | Date | June 4, 2025 |
|---|---|---|---|
| Title | Silvia Garcia v. Henkel Corporation | | |

WL 2733372, at *10 (C.D. Cal. June 22, 2012) (explaining that the fact that a defendant "may assert a limitations defense does not limit the relief sought in the complaint"). That misconstrues Plaintiff's argument and the allegations in the Complaint. Plaintiff's Complaint's references to the statute of limitations merely serves to allege a class period that extends three years prior to the filing of the Complaint. Defendant's evidence in support of the amount in controversy, however, extends four years prior to the filing of the Complaint. Defendant has therefore inflated the damages it claims are in controversy by an extra year. While it is conceivable that Defendant's $2,000,000 in sales are equally distributed through those four years, it is also likely that Defendant's sales have varied from one year to the next. In concluding that Defendant's evidence regarding four years of sales does not establish the amount in controversy for a three year class period, the Court is not weighing the merits of a statute of limitations defense. Rather the Court is considering the amount at stake in the litigation for the class period alleged in the Complaint. See Greene v. Harley-Davidson, Inc., 965 F.3d 767, 774 (9th Cir. 2020) (district court should consider amount that is at stake in the litigation without assessing the strengths of any valid defenses in determining CAFA jurisdiction).

If, for instance, Defendant's sales in the fourth year prior to the filing of the Complaint were $1,000,000, that would leave Defendant's sales for the three years of the class period at $1,000,000, and the compensatory or restitutionary award at issue would decrease from the $2,000,000 alleged by Defendant to $1,000,000. The amount of punitive damages and attorneys' fees would also decrease in proportional amounts and potentially drop significantly below CAFA's jurisdictional minimum. Using the $1,000,000 figure, and Defendant's two-to-one ratio of punitive damages and 25% benchmark for attorneys' fees, for example, would result in an amount in controversy of $3,750,000, not including the cost of injunctive relief. See Aseltine v. Panera, LLC, CV 21-4284 JST, 2021 WL 8267421, at *4 n.3 (N.D. Cal. Dec. 13, 2021) ("In Greene, for example, . . . the Ninth Circuit only recognized the ratio the defendant specifically invoked — 1:1 — in its damages calculation. The Court will follow the same course here and use for its analysis only the ratio Panera specifically invoked — 2:1."). The Court's example is not an attempt to replace Defendant's own evidence with an amount the Court believes is more likely, but highlights that without evidence of the sales from the relevant time period, the amount in controversy can easily drop below CAFA's jurisdictional minimum.

Plaintiff specifically challenged the $2,000,000 figure in the Hull Declaration in its Motion to Remand. Defendant could have supplemented its evidence of sales during the class period to satisfy its burden to establish an amount in controversy in excess of CAFA's jurisdictional minimum but failed to do so. Indeed, by failing to provide evidence of its sales during the relevant period, Defendant has also rendered its calculations concerning the amount of punitive damages speculative, because the Court is left to guess what amount of sales it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-3302 PA (MAAx) | Date | June 4, 2025 |
|---|---|---|---|
| Title | Silvia Garcia v. Henkel Corporation | | |

should use as a multiplier with Defendant's proposed two-to-one ratio of punitive damages to compensatory damages. Put simply, once Plaintiff challenged Defendant's evidence in support of the amount in controversy, and showed that Defendant's evidence was inflated by an unknown amount, Defendant needed to provide evidence to establish, by a preponderance of the evidence that the amount in controversy exceeds CAFA's jurisdictional minimum. Rather than provide sufficient evidence, Defendant relied on the same evidence Plaintiff has already shown was insufficient, and as a result, Defendant failed to meet its burden to establish an amount in controversy in excess of CAFA's jurisdictional minimum.

Defendant's evidence of the cost of compliance with the possible injunctive relief is similarly flawed. According to Ms. Hull's Further Declaration, Defendant believes it would suffer $1,500,000 in lost sales over the next four years if it were enjoined from offering a discount on "kits" of its products. The Complaint, however, does not seek an injunction preventing Defendant from offering a discount if consumers purchase "kits" of multiple products. Instead, Plaintiff seeks to prevent Defendant from using false reference prices to make it appear to a reasonable consumer that products are discounted from a regular price that Defendant never charges. It is, of course, possible that Plaintiff has misconstrued Defendant's website and thinks that the strikeout prices she has viewed are a "sale" from a regular price that Defendant never charges, when the strikeout price may instead, as Defendant asserts, reflect the discount that a consumer receives from buying multiple products at the same time as part of a kit, with the kit price being cheaper than if each product was purchased separately. But that mistake, if true, would not support an injunction preventing Defendant from selling its products in discounted kits. Moreover, the injunctive relief described by Defendant that Defendant claims would cost $1,500,000 goes far beyond any injunctive relief sought by Plaintiff in the Complaint. By speculating about the costs of an injunction that Plaintiff has not sought, Defendant utterly fails to establish how much the injunction Plaintiff seeks would cost. Ms. Hull's Further Declaration does not establish, by a preponderance of the evidence, what the injunctive relief at issue in this action might cost, and thus fails to assist Defendant in meeting its burden to establish that the amount in controversy, including the value of injunctive relief, exceeds CAFA's jurisdictional minimum. In reaching this conclusion, the Court is, again, not weighing the merits of Plaintiff's claims and Defendant's defenses, but assessing the Complaint's allegations and Defendant's evidence in support of its assertion that Plaintiff's claims involve an amount in controversy in excess of CAFA's jurisdictional minimum.

For all of the foregoing reasons, the Court concludes that Defendant's evidence in support of an amount in controversy exceeding $5,000,000 lacks evidentiary support or a reasonable basis. Based on the evidence provided by Defendant after Plaintiff challenged the amount in controversy, the Court cannot conclude that it is more likely than not that the amount in

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 25-3302 PA (MAAx) | Date | June 4, 2025 |
|---|---|---|---|
| Title | Silvia Garcia v. Henkel Corporation | | |

controversy, including compensatory damages or restitution, plus punitive damages, attorneys' fees, and the cost of injunctive relief, exceeds $5,000,000. The Court therefore concludes that Defendant has failed to satisfy its burden to establish that the amount in controversy exceeds CAFA's jurisdictional minimum by a preponderance of the evidence. Accordingly, the Court grants Plaintiff's Motion to Remand. This action is remanded to Los Angeles County Superior Court, Case No. 25STCV06808. See 28 U.S.C. § 1447(c). The Scheduling Conference, currently calendared for June 9, 2026, is vacated.

  IT IS SO ORDERED.